Filed 8/18/21  P. v. Villavalzo CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EUGENIO VILLAVALZO,<br><br>    Defendant and Appellant. | B305913<br><br>Los Angeles County<br>Super. Ct. No. TA148260 |

        APPEAL from an order of the Superior Court of Los Angeles County, Michael Shultz, Judge. Affirmed.
        Sharon Fleming, under appointment by the Court of Appeal, for Defendant and Appellant.
        No appearance for Plaintiff and Respondent.

## INTRODUCTION AND PROCEDURAL BACKGROUND

The Los Angeles County District Attorney filed an amended complaint charging defendant and appellant Eugenio Remigio Villavalzo with two counts of murder (Pen. Code,[1] § 187; counts 1 [victim Jason Zapata] and 2 [victim Jonathan Sanchez Flores]), two counts of conspiracy to commit murder (§ 182, subd. (a)(1); counts 3 and 4), unlawful possession of a firearm (§ 29820, subd. (b); count 5), possession of a controlled substance for sale (Health and Saf. Code, § 11375, subd. (b)(1); count 6), misdemeanor possession of a controlled substance (Health and Saf. Code, § 11350; count 7), two counts of voluntary manslaughter (§ 192, subd. (a); counts 8 [victim Jason Zapata] and 9 [victim Jonathan Sanchez Flores]), and second-degree robbery (§ 211; count 10). The information also charged special circumstances with respect to counts 1 and 2, alleging Villavalzo committed multiple murders (§ 190.2, subd. (a)(3)), and the homicides were committed while the defendants were engaged in the commission of robbery (§ 190.2, subd. (a)(17)(A)). It further alleged Villavalzo personally used a firearm in the commission of counts 1 and 2 (§ 12022.53, subds. (b), (c) & (d)), personally used a firearm in the commission of counts 8 and 9 (§ 12022.5, subd. (a)), and sustained a prior serious felony conviction (§ 667, subd. (a)(1)) as well as a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).[2]

---

[1] All undesignated statutory references are to the Penal Code.

[2] The information charged co-defendant Abraham Isaac Negrete Gomez with counts 1, 2, 3, 4, 8, and 9.

Villavalzo pled guilty to counts 8, 9, and 10, and admitted the section 12022.5, subdivision (a) allegations on counts 8 and 9. Villavalzo stipulated to a factual basis for the plea based on the police reports. In exchange for his plea, the trial court sentenced him to 35 years and 4 months in state prison, calculated as follows: (1) an upper term of 11 years on count 8; (2) a consecutive upper term of 11 years on count 9 (see § 1170.16); (3) a concurrent one-year term on count 10 (one-third of the middle term); (4) a consecutive 10-year term for the section 12022.5, subdivision (a) enhancement attached to count 8; and (5) a consecutive term of three years and four months for the section 12022.5, subdivision (a) enhancement attached to count 9. The court dismissed a separate case that had been pending against Villavalzo in the interest of justice (case no. TA148117).

Villavalzo timely appealed, and we appointed counsel to represent him. On February 11, 2021, appellate counsel filed a brief raising no issues and asking us to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Villavalzo did not respond to our letter advising him of his right to file supplemental briefing.

Following review of the record pursuant to *People v. Wende,* we affirm.

## FACTUAL BACKGROUND[3]

On October 25, 2018, police responded to a call regarding a gunshot victim. Upon arrival, they found Jonathan Flores slumped over in his car with a gunshot wound to the head. Flores

---

3    The following facts are taken from the probation report.

was pronounced dead at the scene.[4] Through a search warrant, police obtained Villavalzo's phone records. Those records showed Villavalzo sent texts about obtaining a gun to rob Zapata. He also sent other texts confirming that he planned to rob victims Flores and Zapata.

## DISCUSSION

We have examined the entire record, and are satisfied no arguable issues exist in the appeal before us. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-279 [120 S.Ct. 746, 145 L.Ed. 2d 756]; *Wende, supra,* 25 Cal.3d at p. 443.)

---

[4] The probation report does not contain specific facts regarding the death of victim Zapata.

# DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


CURREY, J.


We concur:


MANELLA, P.J.


COLLINS, J.